IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. WR-74,911-01 & -02




EX PARTE DEON RUSH, Applicant




ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 16,022 & 16,024 IN THE 506TH DISTRICT COURT
FROM GRIMES COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of burglary of a habitation and sentenced to eighteen years’ imprisonment on each count. The
Fourteenth Court of Appeals dismissed his appeals. Rush v. State, Nos. 14-09-00434-CR & 14-09-00453-CR (Tex. App.–Houston [14th Dist.] 2009, no pet.). 
            Applicant contends that counsel rendered ineffective assistance because he failed to file
timely notices of appeal. Applicant also contends that counsel advised him to plead guilty because
his convictions would be reversed on appeal. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order counsel, David S. Barron, to respond to Applicant’s claims. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied his right to meaningful appeals because counsel failed to file timely notices of appeal.
The trial court shall also make findings and conclusions as to whether Applicant’s guilty pleas were
rendered involuntary because counsel advised Applicant that his convictions would be reversed on
appeal. The trial court shall also make any other findings and conclusions that it deems relevant and
appropriate to the disposition of Applicant’s claims for habeas corpus relief.
            These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing
or deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: December 8, 2010
Do not publish